

ATTORNEYS AT LAW

780 Third Avenue
4th Floor
New York, NY 10017

T 212-471-6200
F 212-935-1166
www.hinshawlaw.com

October 12, 2012

**VIA ECF**
Honorable Sandra J. Feuerstein
United States District Court
Eastern District New York
100 Federal Plaza
Central Islip, New York 11722

   Re: *Nicholson v. Diversified Collection Services, Inc.*
     Docket No. **12 CV 0034** (SJF) (WDW)

Dear Judge Feuerstein:

  We represent defendant Diversified Collection Services, Inc. ("DCS") and write regarding the legal issues in this case in anticipation of the settlement conference, currently scheduled for October 15, 2012.

  Plaintiff alleges that Defendant violated various provisions of the Fair Debt Collection Practices Act ("FDCPA") in connection with its letter, dated September 6, 2011 (the "Collection Letter"). Section 1692e of the FDCPA provides in relevant part that: "a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." Section 1692e(10) proscribes "the use of any false representation or deceptive means to collect any debt or obtain any information concerning a consumer…" Specifically, Plaintiff alleges that the Collection Letter violated § 1692(e) and § 1692e(10) of the FDCPA because it contained the name of the wrong creditor. *See* Complaint ¶ 9. Plaintiff seeks relief on behalf of the class of persons similarly situated. On March 1, 2012, DCS filed an Answer to the Complaint denying all liability.

  The claims asserted against DCS may be decided by this Court as a matter of law. With respect to plaintiff's § 1692e and e(10) claims, Defendant contends that the holding of *Tourgeman v. Collins Servs. et. al*, 2012 WL 3731807 (S.D. Cal. Aug. 29, 2012) is directly applicable to the case at bar and mandates dismissal of plaintiff's FDCPA claims. In *Tourgeman*, plaintiff sued various debt collectors on the grounds that the collection letters sent to plaintiff identified the incorrect original creditor and therefore violated § 1692e(10). In granting summary judgment in favor of the debt collectors, the Court held that "the least sophisticated debtor would not have recognized the original creditor, or account number, even if they had been correctly identified in the first instance," and concluded that these errors were

Honorable Sandra Feuerstein
October 12, 2012
Page 2

therefore "not material, and was not likely to mislead the least sophisticated consumer." *Tourgeman*, 2012 WL at *5. The Court further held that because "[t]he letters from [defendant] provided the recipient with the option to call to discuss the nature of the loan if there were questions involved…the recipients of the letters were thus able to intelligently choose how to respond to the letter." *Id.* Accordingly, the Court granted defendants' summary judgment motion and dismissed plaintiff's § 1692e(10) claim. *See also Van Kirk v. Bank of America, Corp.,* 2012 WL 3544735, * 6 (D.Idaho Aug. 15, 2012) (debt collectors identification of two different creditors in correspondences did not amount to a misleading misrepresentation in violation of the FDCPA); *Jeffrey v. Gordon*, 2011 WL 2134050, *3 (D.Or. May 25, 2011) (concluding that false statements concerning creditor's identification were not material).

In the instant action, the facts presented are almost identical to those in *Tourgeman*, and as such, summary judgment should be granted in DCS' favor. Assuming that the original creditor was not properly identified, such an error was not material and therefore not likely to mislead plaintiff given the phone number provided on the face of the letter and validation notice included on the reverse. The law has recognized that omissions which are not materially misleading do not amount to a violation of the FDCPA. *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033-34 (9th Cir. 2010); *Hahn v. Triumph Partnerships LLC*, 557 F.3d 755, 757-58 (7th Cir. 2009); *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 596 (6th Cir. 2009).

Additionally, DCS reserves its right to assert the *bona fide* error defense. This defense precludes liability for FDCPA violations if an unintentional error occurred notwithstanding the existence of operational procedures designed to prevent such errors. 15 U.S.C. 1692k(c); *Fedetov v. Peter T. Roach & Assoc., P.C.*, 354 F. Supp.2d 471, 474 (S.D.N.Y. 2005); *Kort v. Diversified Collection Serv. Inc.*, 394 F.3d 530, 539 (7th Cir. 2005). Importantly, the *bona fide* error defense does not require a debt collector to achieve perfection. Rather, its procedures need only be reasonably adapted to avoid the error. *Ross v. RJM Acquisitions Funding LLC*, 480 F.3d 493, 497-98 (7th Cir. 2007). Here, DCS is continuing to review its records and procedures. Accordingly, DCS may argue that any alleged violation of the FDCPA was unintentional.

We thank the Court for its consideration of this matter.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

By: __/s *Concepcion Montoya*_____
       Concepcion A. Montoya (CM-7147)

cc: Abraham Kleinman, Esq. (via ecf)

130447205v1 0931847