UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
RICHARD NICHOLSON, *on behalf of himself
and all others similarly situated*,

                                  Plaintiff,

-against-

DIVERSIFIED COLLECTION SERVICES, INC.

                                  Defendants
                                  Defendants.
------------------------------------------------------------------X

Civil Action No
12-CV-0034 (SJF) (WDW)

CLASS ACTION

## JOINT MOTION FOR PRELIMINARY APPROVAL OF
## CLASS ACTION SETTLEMENT

      Plaintiff RICHARD NICHOLSON (the "Plaintiff" or "Class Representative"), and the Defendant, DIVERSIFIED COLLECTION SERVICES, INC. now known as Performant Recovery, Inc. ("Defendant" or "DCS"), respectfully request that the Court enter an order pursuant to Federal Rule of Civil Procedure 23(c)(1): (1) certifying the proposed Class for settlement purposes; (2) preliminarily approving the proposed Settlement Agreement; (3) directing notice to the Class; and (4) setting dates for opt-outs, objections, and a hearing under Federal Rule of Civil Procedure 23(c)(2).

      In support of their motion, the Parties state:

      1.     Counsel for Plaintiff and Defendant have reviewed and analyzed the complex legal and factual issues presented in this action, and the risks and expense involved in pursuing the litigation to conclusion.

      2.     Based upon this review and analysis, counsel for Plaintiff and Defendant embarked upon and concluded comprehensive settlement discussions and executed the Class

Action Settlement Agreement and Release (the "Settlement Agreement"), attached as Exhibit "A".

3. Plaintiff and Defendant have also considered the factors required to certify a class action under Federal Rule of Civil Procedure 23 and agree that, for settlement purposes only, the following requirements are met:

  a. The class is sufficiently numerous such that joinder of all members is impracticable.

  b. There are questions of law and fact common to the class that predominate over any questions affecting only individual members.

  c. The Class Representative has claims typical to those of the class members.

  d. The Class Representative and his counsel are adequate representatives for the Class.

  e. Settlement of this action on a class basis is the superior and appropriate method for the fair and efficient resolution of this controversy.

4. Under the terms of the Class Action Settlement Agreement and subject to court approval:

  a. A fund in the amount of $10,000.00 is established for purpose of satisfying the claims of the Class.

  b. Defendant must pay each Class Member who timely returns a claim form and does not opt out a *pro rata* share of the $10,000.00 fund.

  c. Defendant must pay $2,500.00 to the Class Representative for his role in this litigation.

    d.    Defendant must pay attorney fees and costs in the amount of $30,500.00. This amount is to be paid in addition to, and not out of, the amounts paid to the Class Representative and the Class Members.

    e.    Using First Class, Inc. as settlement administrator, Defendant must cause to be mailed by first class mail: (1) the Class Notice and Claim Form, and (2) the settlement checks.

    f.    As part of the amount agreed upon by the parties, Defendant shall pay the costs of providing the Notice of Class Action and Claim Form to each of the 122 Class Members at their last known addresses using First Class, Inc. as the Settlement Administrator. As part of the amount agreed upon by the parties, Defendant shall also pay the cost of distributing settlement checks to those Class Members who returned the Claim Form and do not opt out of the settlement using First Class, Inc. The class administration costs are estimated not to exceed $3,000.00 and shall be payable to First Class, Inc. as settlement administrator.

    g.    To the extent that there are any funds from un-cashed, expired Settlement Checks, an amount equal to the amount of such un-cashed checks must be paid over as a *cy pres* award to Class Counsel to be distributed to the Prince Hall Foundation, 454 West 155th Street, New York, NY 10032..

5.    Counsel for Plaintiff and the proposed class believe that the settlement of this action on the terms and conditions set forth in the Settlement Agreement is fair, reasonable, and adequate, and would be in the best interests of the members of the proposed class.

6. The Parties desire to settle and compromise the litigation on the terms and conditions embodied in the Class Settlement Agreement.

7. The Parties have agreed on the form of notice to be sent to each member of the Class, attached as Exhibit "B", via first class mail. The Parties have agreed that no further notice to the Class is required.

8. The Parties have agreed on the proposed preliminary approval order and final approval order, attached as Exhibits "C" and "D", respectively.

WHEREFORE, the Parties respectfully request that the Court enter an order: (1) certifying the proposed Class for settlement purposes; (2) preliminarily approving the proposed Class Settlement Agreement; (3) directing notice to be sent to the Class via first class mail; and (4) setting dates for opt-outs, objections, and a hearing under Federal Rule of Civil Procedure 23(c)(2).

| | |
|---|---|
| Dated: New York, New York<br>December 12, 2012 | Dated: New York, New York<br>December 12, 2012 |
| LAW OFFICES OF KLEINMAN LLC | HINSHAW & CULBERTSON LLP |
| By: *s/Abraham Kleinman*<br>    Abraham Kleinman (AK-6300) | By: *s/Concepcion A. Montoya*<br>    Concepcion A. Montoya (CM-7147) |
| Attorneys for the Plaintiff:<br>626 RXR Plaza<br>Uniondale, New York 11556<br>(516) 522-2621 | Attorneys for the Defendant:<br>780 Third Avenue, 4th Floor<br>New York, NY 10017<br>(212) 471-6200 |